UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

**SERVANTS OF JESUS AND MARY, INC.,**
d/b/a **THE FATIMA CENTER**

                              *Plaintiff*,

    v.
                                      **NOTICE OF REMOVAL**

**THE NATIONAL COMMITTEE FOR THE**
**NATIONAL PILGRIM VIRGIN OF CANADA**    Civil Action No.

and

**THE FATIMA CENTER U.S.A., INC.**

and

**ANDREW CESANEK**

                              *Defendants*.
_____

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 1441, and 1446, the action entitled SERVANTS OF JESUS AND MARY, INC., d/b/a THE FATIMA CENTER v. THE NATIONAL COMMITTEE FOR THE NATIONAL PILGRIM VIRGIN OF CANADA, and THE FATIMA CENTER U.S.A., INC., and ANDREW CESANEK, commenced in the Supreme Court of the State of New York, County of St. Lawrence (Index No. CV-2018-0152396), thereafter transferred to and currently pending in the Supreme Court of the State of New York, County of Niagara (Index No. E165222/2018) (hereinafter, "State Court Action"), is removed by Defendants, THE NATIONAL COMMITTEE FOR THE PILGRIM VIRGIN OF CANADA (hereinafter, "NPV"), and THE FATIMA CENTER U.S.A., INC., and ANDREW CESANEK, (hereinafter, "Removing Parties"), from the Supreme Court of the State of New York, County of Niagara, to the United States District Court for the Western District of New

York by the filing of this Notice of Removal with the Clerk of the United States District Court for the Western District of New York.

Removing Parties, by and through their undersigned counsel, Justin D. Kloss, Esq. of KLOSS, STENGER & LOTEMPIO, and Michael A. Brady, Esq., of HAGERTY & BRADY, respectfully submit this Notice of Removal, and state the following as grounds for removing this action:

1. Removing Parties have complied with the requirements of Local Rule 81 by completing a civil cover sheet, submitting the requisite filing fee, and attaching an index identifying all documents (including process, pleadings, and orders) in the State Court Action, individually tabbed, and arranged in chronological order according to the State Court filing date. The Index is annexed hereto as **Exhibit A**.

## STATEMENT OF THE CASE

2. Upon information and belief, on April 2, 2018, the above-captioned action was commenced against all Removing Parties except ANDREW CESANEK in the Supreme Court of New York, County of St. Lawrence. *See* **Exhibit A-2** ("Ex. A-2").

3. Upon information and belief, on June 7, 2018 Plaintiff filed a Supplemental Summons and Amended Complaint against Defendants in the Supreme Court of the State of New York, County of St. Lawrence (Index No.: CV-2018-152396). *See* copy of Supplemental Summons and Amended Complaint, attached hereto as **Exhibit A-27** ("Ex. A-27"). Said Amended Complaint was not served on Defendants NPV and THE FATIMA CENTER U.S.A, INC., until June 12, 2018. The Amended Complaint added ANDREW CESANEK as a Defendant in this action.

4. Upon information and belief, on June 11, 2018, the above-captioned action was transferred to the Supreme Court of New York, County of Niagara.

5. Upon information and belief, on June 28, 2018 Defendant ANDREW CESANEK, was personally served with a copy of Plaintiff's Supplemental Summons and Amended Complaint.

6. Upon information and belief, the Supplemental Summons and Amended Complaint were not originally included in the case file transferred to the Supreme Court of the State of New York, County of Niagara by the Clerk of the St. Lawrence Supreme Court.

7. Upon information and belief, on June 29, 2018 Plaintiff's Supplemental Summons and Amended Complaint against Defendants was transferred to the Supreme Court of the State of New York, County of Niagara (Index No.: E165222/2018). *See* Ex. A-27. In the Amended Complaint, Plaintiff seeks relief for injuries arising out, *inter alia,* violation of the Lanham Act 15 U.S.C. § 1125, as well as common law trademark infringement and unfair competition. *See* Ex. A-27.

8. Defendants remove this action to this Court pursuant to the provisions of 28 U.S.C. §§ 1331, 1338, 1367, 1441, and 1446.

**FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. § 1331 and §1338**

*Original Jurisdiction under 28 U.S.C. § 1331*

9. This Court has original jurisdiction under 28 U.S.C. § 1331. Under 28 U.S.C. § 1331, the "district courts shall have original jurisdiction of all civil actions arising under the … laws … of the United States." *See* 28 U.S.C. § 1331. The Amended Complaint alleges violations of the Lanham Act, a law of the United States. See Ex. A-27. Thus, the Court has original

jurisdiction over the Lanham Act claims in the Amended Complaint. *See, e.g., Harve Benard Ltd. v. Nathan Rothschild*, No. 02 CIV. 4033 (JGK), 2003 WL 367859, at *3 (S.D.N.Y. Feb. 19, 2003) ("there is federal question subject matter jurisdiction because the Complaint alleges violations of the Lanham Act").

### *Original Jurisdiction under 28 U.S.C. § 1338*

10. This Court also has original jurisdiction over this action under 28 U.S.C. § 1338. Under 28 U.S.C. § 1338(a), the "district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to … trademarks." *See* 28 U.S.C. § 1338(a). The Amended Complaint alleges violations of the Lanham Act, an Act of Congress. *See* Ex. A-27. Specifically, Plaintiff alleges that Defendants have improperly used a mark allegedly belonging to Plaintiff in commerce. *Id.* Thus, the Court has original jurisdiction over the Lanham Act claims in the Amended Complaint. *See, e.g., Beech-Nut, Inc. v. Warner-Lambert Co.*, 346 F. Supp. 547, 548 (S.D.N.Y. 1972), *aff'd*, 480 F.2d 801 (2d Cir. 1973) ("the case could have been commenced here under § 43(a) of the Lanham Act … [thus] the removal was not improper").

11. Further, this Court has original jurisdiction over unfair competition claims alleged in the Amended Complaint. *See* Ex. A-27. Under 28 U.S.C. § 1338(b), the "district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the … trademark laws." *See* 28 U.S.C. § 1338(b). Here, the Amended Complaint alleges unfair competition claims in addition to the Lanham Act claims based on the same "nucleus of operative fact." *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Thus, the Court also has original jurisdiction over the unfair competition claims related to the trademark claims alleged in the Amended Complaint.

*Supplemental Jurisdiction under 28 U.S.C. § 1367*

12. This Court has supplemental jurisdiction over any claims in the Amended Complaint that are not Lanham Act or unfair competition claims under 28 U.S.C. § 1367. Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *See* 28 U.S.C. 1367(a). Further, by statute, "[s]uch supplemental jurisdiction shall include claims that involve the joinder … of additional parties." *Id.* The other bases for relief asserted by the Plaintiff in this action all arise out of the same set of facts and are part of the same case and controversy, so that this Court has supplemental jurisdiction of them within the meaning of 28 U.S.C. § 1367(a). This is an action over which this Court would have had original jurisdiction had it been filed initially in this Court. Thus, this Court has supplemental jurisdiction over all remaining claims in the Amended Complaint that do not fall under the umbrellas of Lanham Act or unfair competition claims since all of the claims of the Amended Complaint arise from the same case or controversy as the Lanham Act or unfair competition claims. *See* U.S. Const. Art. III § 1.

*Removal under 28 U.S.C. § 1441*

13. This action may be removed to the United States District Court for the Western District of New York under 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1441(a), except where expressly prohibited by an Act of Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court of the United States for the district and division embracing the

place where such action is pending." *See* 28 U.S.C. § 1441(a); *see also Applied Nutrition Strategies, LCC v. Phytoceutical Formulations, LCC*, No. CIV. A. 03-1702, 2003 WL 21498911, at *1 (E.D. La. June 20, 2003) ("[g]enerally, a defendant may remove a civil action filed in state court if the federal court would have had original jurisdiction"). Since this Court has original jurisdiction over the Lanham Act claims and original jurisdiction (or in the alternative, supplemental jurisdiction) over the unfair competition claims alleged in the Amended Complaint (*see supra* ¶¶ 9-12) and the United States District Court for the Western District of New York "embraces" the jurisdiction of Niagara County (*see infra* ¶ 17) this action may be removed by the Removing Parties to the United States District Court for the Western District of New York.

14. Removal of this action is, therefore, proper under the provisions of 28 U.S.C. §§ 1331, 1338, 1367, and 1441 because this is a civil action brought in state court over which the federal district courts would have had original jurisdiction had the action been commenced in federal court.

**ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

15. A copy of the written notice required by 28 U.S.C. §1446(d), addressed to Plaintiff as the adverse party is attached as **Exhibit B-1**. A copy of the written notice required by 28 U.S.C. §1446(d), addressed to the Clerk of the Supreme Court, Niagara County, is attached as **Exhibit B-2**, and will be filed in the Niagara County Clerk's Office and served on counsel for the Plaintiff after the filing of this Notice of Removal in the United States District Court for the Western District of New York.

16. Presently, only Defendant THE NATIONAL COMMITTEE FOR THE NATIONAL PILGRIM VIRGIN OF CANADA has answered and provided defenses and objections and counterclaims to the original Summons and original Complaint. After removal is

completed, Defendants will provide an Answer to the Amended Complaint in accordance with the terms of Federal Rule of Civil Procedure Rule 81(c)(2).

17. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Western District of New York is the federal judicial district embracing the Supreme Court of the State of New York, County of Niagara where the State Court Action is currently pending.

### *Timeliness under 28 U.S.C. § 1446*

18. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b). Under 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed *within thirty days* after receipt by the defendant … of an amended pleading, motion, order or other paper *from which it may first be ascertained that the case is one which is or has become removable*." 28 U.S.C. § 1446(b)(3) (emphasis added). Here, the action, under the original Complaint alleged only State law claims. S*ee* Ex. A-2. By means of the Amended Complaint alleging claims that fall under federal jurisdiction, this case has become removable under the provisions of 28 U.S.C. §§ 1331, 1338, 1367, and 1441. *See supra* ¶¶ 9-14.

### *Consent to Removal*

19. Pursuant to 28 U.S.C. §1446(b)(2)(A), if a case is removed solely under 28 U.S.C. § 1441(a) then all defendants, properly served and joined, must consent to removal.

20. Defendants, THE NATIONAL COMMITTEE FOR THE NATIONAL PILGRIM VIRGIN OF CANADA and THE FATIMA CENTER U.S.A., INC., are represented by the law firm of KLOSS, STENGER & LOTEMPIO, and consent to the removal of this action to this

Court by signature of their counsel to this Notice and by the "Consent to Removal," annexed as **Exhibit C-1**.

21. Defendant, ANDREW CESANEK, is represented by the law firm of HAGERTY & BRADY, and consents to the removal of this action to this Court by signature of his counsel to this Notice, and by the "Consent to Removal," annexed as **Exhibit C-2**.

22. Accordingly, all defendants consent to the removal of this action.

## CONCLUSION

23. By this Notice of Removal, the Removing Parties do not waive any defenses or objections they may have to this action. The Removing Parties intend no admission of fact, law, or liability by the Notice of Removal, and expressly reserve all defenses, motions, and pleas.

**WHEREFORE,** Removing Parties request the removal of this action, currently docketed in the New York Supreme Court, Niagara County (Index No.: E165222/2018) to the United States District Court for the Western District New York and request that the United States District Court for the Western District of New York assume jurisdiction over the entirety of this action and preclude any further proceedings in the New York State Supreme Court.

Dated:     July 2, 2018
           Buffalo, New York

                                              Respectfully submitted,

                                              s/Justin D. Kloss
                                              Justin D. Kloss, Esq.
                                              KLOSS, STENGER & LOTEMPIO
                                              *Attorney for Defendants*

*The National Committee for the National Pilgrim Virgin of Canada and The Fatima Center U.S.A., Inc.*
69 Delaware Ave., Suite 1003
Buffalo, NY 14202
Telephone: (716) 853-1111
Facsimile: (716) 759-1094
jdkloss@klosslaw.com


<u>s/Michael A. Brady</u>
Michael A. Brady
HAGERTY & BRADY
*Attorney for Defendant*
*Andrew Cesanek*
69 Delaware Ave., Suite 1010
Buffalo N.Y. 14202
Telephone: (716) 856 9443
Facsimile: (716) 856 0511
mbrady@hagerty-brady.com