UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**SERVANTS OF JESUS AND MARY, INC., d/b/a THE FATIMA CENTER,**

                    *Plaintiff,*

    -*vs*-

**THE NATIONAL COMMITTEE FOR THE NATIONAL PILGRIM VIRGIN OF CANADA, THE FATIMA CENTER U.S.A., INC., and ANDREW CESANEK,**

                    *Defendants.*

**ANSWER TO COUNTERCLAIMS**

Civil Action No. 1:18-cv-00731

---

Plaintiff Servants of Jesus and Mary, Inc., d/b/a The Fatima Center, ("Plaintiff " or SJM") by its attorneys, Barclay Damon LLP, as and for its Answer to the Counterclaims of Defendant The National Committee for The National Pilgrim Virgin of Canada ("Defendant" or NPV"), respectfully alleges the following:

## COUNTERCLAIMS

## THE PARTIES

1. Plaintiff admits the allegations contained in paragraph 1 of the Counterclaims.

2. Plaintiff admits the allegations contained in paragraph 2 of the Counterclaims.

3. Plaintiff admits that that NPV's Counterclaims purport to assert the claims alleged in paragraph 3 of the Counterclaims. Plaintiff avers that the remainder of paragraph 3 of the Counterclaims sets forth legal conclusions to which no response is required. To the extent any

response is required, Plaintiff denies the remaining allegations in paragraph 3 of the Counterclaims.

4. Plaintiff admits that that NPV's Counterclaims purport to assert the claims alleged in paragraph 4 of the Counterclaims and that this Court has subject matter jurisdiction over such claims.

5. Plaintiff admits the allegations contained in paragraph 5 of the Counterclaims.

6. Plaintiff admits the allegations contained in paragraph 6 of the Counterclaims.

7. Plaintiff admits the allegations contained in paragraph 7 of the Counterclaims.

## BACKGROUND

8. Plaintiff denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 8 of the Counterclaims, except admits that NPV was formally incorporated in July 1974.

9. Plaintiff denies the allegations contained in paragraph 9 of the Counterclaims.

10. Plaintiff denies the allegations contained in paragraph 10 of the Counterclaims.

11. Plaintiff denies the allegations contained in paragraph 11 of the Counterclaims.

12. Plaintiff denies the allegations contained in paragraph 12 of the Counterclaims.

13. Plaintiff denies the allegations contained in paragraph 13 of the Counterclaims.

14. Plaintiff denies the allegations contained in paragraph 14 of the Counterclaims, except admits that Plaintiff shared in many of the goals of NPV to spread the true story of Fatima.

15. Plaintiff denies the allegations contained in paragraph 15 of the Counterclaims.

16. Plaintiff denies the allegations contained in paragraph 16 of the Counterclaims.

17. Plaintiff denies the allegations contained in paragraph 17 of the Counterclaims.

18. Plaintiff denies the allegations contained in paragraph 18 of the Counterclaims.

19. Plaintiff denies the allegations contained in paragraph 19 of the Counterclaims.

20. Plaintiff denies the allegations contained in paragraph 20 of the Counterclaims, except admits that Plaintiff was a separate corporation, with a separate board of directors, for the entirety of the relationship.

21. Plaintiff denies the allegations contained in paragraph 21 of the Counterclaims.

22. Plaintiff denies the allegations contained in paragraph 22 of the Counterclaims, except admits that NPV had access to Plaintiff's bank accounts.

23. Plaintiff denies the allegations contained in paragraph 23 of the Counterclaims.

24. Plaintiff denies the allegations contained in paragraph 24 of the Counterclaims.

25. Plaintiff denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 25 of the Counterclaims.

26. Plaintiff denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 26 of the Counterclaims.

27. Plaintiff denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 27 of the Counterclaims.

28. Plaintiff denies the allegations contained in paragraph 28 of the Counterclaims.

29. Plaintiff denies the allegations contained in paragraph 29 of the Counterclaims.

30. Plaintiff denies the allegations contained in paragraph 30 of the Counterclaims.

31. Plaintiff denies the allegations contained in paragraph 31 of the Counterclaims.

32. Plaintiff denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 32 of the Counterclaims and thereby denies same.

33. Plaintiff denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 33 of the Counterclaims and thereby denies same.

34. Plaintiff denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 34 of the Counterclaims and thereby denies same.

35. Plaintiff denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 35 of the Counterclaims and thereby denies same.

36. Plaintiff denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 36 of the Counterclaims and thereby denies same.

37. Plaintiff denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 37 of the Counterclaims and thereby denies same.

38. Plaintiff denies the allegations contained in paragraph 38 of the Counterclaims.

39. Plaintiff denies the allegations contained in paragraph 39 of the Counterclaims, except admits that NVP established a secure electronic link to SJM.

40. Plaintiff denies the allegations contained in paragraph 40 of the Counterclaims.

41. Plaintiff denies the allegations contained in paragraph 41 of the Counterclaims.

42. Plaintiff denies the allegations contained in paragraph 42 of the Counterclaims.

43. Plaintiff denies the allegations contained in paragraph 43of the Counterclaims.

44. Plaintiff denies the allegations contained in paragraph 44 of the Counterclaims.

45. Plaintiff denies the allegations contained in paragraph 45 of the Counterclaims.

46. Plaintiff denies the allegations contained in paragraph 46 of the Counterclaims.

15458258.1

47. Plaintiff denies the allegations contained in paragraph 47 of the Counterclaims.

*NPV's Marks*

48. Plaintiff denies the allegations contained in paragraph 48 of the Counterclaims.

49. Plaintiff denies the allegations contained in paragraph 49 of the Counterclaims.

50. Plaintiff denies the allegations contained in paragraph 50 of the Counterclaims.

51. Plaintiff denies the allegations contained in paragraph 51 of the Counterclaims.

52. Plaintiff denies the allegations contained in paragraph 52 of the Counterclaims.

*NPV's Termination of Relations with SJM*

53. Plaintiff denies the allegations contained in paragraph 53 of the Counterclaims.

54. Plaintiff denies the allegations contained in paragraph 54 of the Counterclaims, except admits that on August 24, 2017, Plaintiff was advised that NPV was severing its connection to Plaintiff and announced the creation of Fatima Center U.S.A., Inc.

55. Plaintiff denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 55 of the Counterclaims and thereby denies same, and states that NPV had no legal right to grant "permission" for use of the "Marks" referenced therein.

56. Plaintiff denies the allegations contained in paragraph 56 of the Counterclaims.

57. Plaintiff denies the allegations contained in paragraph 57 of the Counterclaims.

58. Plaintiff denies the allegations contained in paragraph 58 of the Counterclaims except states that the allegations refer to a written document which speaks for itself to which no responsive pleading is required, and except admits that Plaintiff received a letter from NPV's counsel dated November 22, 2017.

15458258.1

59. Plaintiff denies the allegations contained in paragraph 59 of the Counterclaims.

60. Plaintiff denies the allegations contained in paragraph 60 of the Counterclaims, except admits that Plaintiff continues to assert superior rights and exclusive use of the "THE FATIMA CENTER" mark.

61. Plaintiff denies the allegations contained in paragraph 61 of the Counterclaims.

## AS AND FOR ITS FIRST CAUSE OF ACTION AGAINST SJM

## UNFAIR COMPETITION UNDER 15 U.S.C § 1125

62. Plaintiff repeats and realleges in his paragraph all of the allegations set forth in paragraphs 1-61 above.

63. Plaintiff admits the allegations contained in paragraph 63 of the Counterclaims except states that NPV knew that Plaintiff has been the sole and exclusive user of the FATIMA CENTER Mark and related marks in the United States at the time NPV filed the application referenced therein.

64. Plaintiff denies the allegations contained in paragraph 64 of the Counterclaims.

65. Plaintiff denies the allegations contained in paragraph 65 of the Counterclaims, except states that to the extent NPV has engaged in the activities alleged therein, NPV has infringed on Plaintiff's exclusive rights in the FATIMA CENTER Mark.

66. Plaintiff denies the allegations contained in paragraph 66 of the Counterclaims.

67. Plaintiff denies the allegations contained in paragraph 67 of the Counterclaims except states that to the extent NPV has engaged in the activities alleged therein, NPV has infringed on Plaintiff's exclusive rights in the FATIMA CENTER Mark.

68. Plaintiff denies the allegations contained in paragraph 68 of the Counterclaims.

69. Plaintiff denies the allegations contained in paragraph 69 of the Counterclaims except states that to the extent NPV has engaged in the activities alleged therein, NPV has infringed on Plaintiff's exclusive rights in the FATIMA CENTER Mark.

70. Plaintiff denies the allegations contained in paragraph 70 of the Counterclaims.

71. Plaintiff denies the allegations contained in paragraph 71 of the Counterclaims, except admits that Plaintiff has not abandoned its exclusive rights in the FATIMA CENTER Mark.

72. Plaintiff admits the allegations contained in paragraph 72 of the Counterclaims.

73. Plaintiff denies the allegations contained in paragraph 73 of the Counterclaims.

74. Plaintiff denies the allegations contained in paragraph 74 of the Counterclaims.

75. Plaintiff denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 75 of the Counterclaims and thereby denies same.

76. Plaintiff denies the allegations contained in paragraph 76 of the Counterclaims.

77. Plaintiff denies the allegations contained in paragraph 77 of the Counterclaims.

78. Plaintiff denies the allegations contained in paragraph 78 of the Counterclaims.

79. Plaintiff denies the allegations contained in paragraph 79 of the Counterclaims.

## AS AND FOR ITS SECOND CAUSE OF ACTION AGAINST SJM

## NEW YORK UNFAIR COMPETITION

80. Plaintiff repeats and realleges in his paragraph all of the allegations set forth in paragraphs 1-79 above.

81. Plaintiff denies the allegations contained in paragraph 81 of the Counterclaims.

82. Plaintiff denies the allegations contained in paragraph 82 of the Counterclaims.

83. Plaintiff denies the allegations contained in paragraph 83 of the Counterclaims.

84. Plaintiff denies the allegations contained in paragraph 84 of the Counterclaims.

85. Plaintiff denies the allegations contained in paragraph 85 of the Counterclaims.

**AS AND FOR ITS THIRD CAUSE OF ACTION AGAINST SJM**

**NEW YORK TRADEMARK DILUTION UNDER NY GBL § 360-I**

86. Plaintiff repeats and realleges in his paragraph all of the allegations set forth in paragraphs 1-85 above.

87. Plaintiff denies the allegations contained in paragraph 87 of the Counterclaims.

88. Plaintiff denies the allegations contained in paragraph 88 of the Counterclaims.

89. Plaintiff denies the allegations contained in paragraph 89 of the Counterclaims.

90. Plaintiff denies the allegations contained in paragraph 90 of the Counterclaims.

91. Plaintiff denies the allegations contained in paragraph 91 of the Counterclaims.

92. Plaintiff denies the allegations contained in paragraph 92 of the Counterclaims.

93. Plaintiff denies the allegations contained in paragraph 93 of the Counterclaims.

**AS AND FOR ITS FOURTH CAUSE OF ACTION AGAINST SJM**

**NEW YORK DECEPTIVE BUSINESS PRACTICES UNDER NY GBL § 349**

94. Plaintiff repeats and realleges in his paragraph all of the allegations set forth in paragraphs 1-93 above.

95. Plaintiff denies the allegations contained in paragraph 95 of the Counterclaims.

96. Plaintiff denies the allegations contained in paragraph 96 of the Counterclaims.

97. Plaintiff denies the allegations contained in paragraph 97 of the Counterclaims.

98. Plaintiff denies the allegations contained in paragraph 98 of the Counterclaims.

99. Plaintiff denies the allegations contained in paragraph 99 of the Counterclaims.

## AS AND FOR ITS FIFTH CAUSE OF ACTION AGAINST SJM

## NEW YORK USE OF NAME WITH INTENT TO DECEIVE UNDER NY GBL § 133

100. Plaintiff repeats and realleges in his paragraph all of the allegations set forth in paragraphs 1-99 above.

101. Plaintiff denies the allegations contained in paragraph 101 of the Counterclaims.

102. Plaintiff denies the allegations contained in paragraph 102 of the Counterclaims.

103. Plaintiff denies the allegations contained in paragraph 103 of the Counterclaims.

104. Plaintiff denies the allegations contained in paragraph 104 of the Counterclaims.

105. Plaintiff denies the allegations contained in paragraph 105 of the Counterclaims, except admits that Plaintiff has not abandoned its exclusive rights in the FATIMA CENTER Mark.

106. Plaintiff denies the allegations contained in paragraph 106 of the Counterclaims.

107. Plaintiff denies the allegations contained in paragraph 107 of the Counterclaims, except admits that Plaintiff has not abandoned its exclusive rights in the FATIMA CENTER Mark.

108. Plaintiff denies the allegations contained in paragraph 108 of the Counterclaims.

109. Plaintiff denies the allegations contained in paragraph 109 of the Counterclaims.

## AS AND FOR ITS SIXTH CAUSE OF ACTION AGAINST SJM

## NEW YORK TRADEMARK INFRINGEMENT

110. Plaintiff repeats and realleges in his paragraph all of the allegations set forth in paragraphs 1-109 above.

111. Plaintiff denies the allegations contained in paragraph 111 of the Counterclaims.

112. Plaintiff denies the allegations contained in paragraph 112 of the Counterclaims.

113. Plaintiff denies the allegations contained in paragraph 113 of the Counterclaims.

114. Plaintiff denies the allegations contained in paragraph 114 of the Counterclaims, except admits that Plaintiff has not abandoned its exclusive rights in the FATIMA CENTER Mark.

115. Plaintiff denies the allegations contained in paragraph 115 of the Counterclaims, except admits that Plaintiff has not abandoned its exclusive rights in the FATIMA CENTER Mark.

116. Plaintiff denies the allegations contained in paragraph 116 of the Counterclaims.

117. Plaintiff denies the allegations contained in paragraph 117 of the Counterclaims.

118. Plaintiff denies the allegations contained in paragraph 118 of the Counterclaims.

## AS AND FOR ITS SEVENTH CAUSE OF ACTION AGAINST SJM

## CONVERSION

119. Plaintiff repeats and realleges in his paragraph all of the allegations set forth in paragraphs 1-118 above.

120. Plaintiff denies the allegations contained in paragraph 120 of the Counterclaims.

121. Plaintiff denies the allegations contained in paragraph 121 of the Counterclaims.

122. Plaintiff denies the allegations contained in paragraph 122 of the Counterclaims.

123. Plaintiff denies the allegations contained in paragraph 123 of the Counterclaims.

124. Plaintiff denies the allegations contained in paragraph 124 of the Counterclaims.

125. Plaintiff denies each and every allegation of the Counterclaims not hereinbefore specifically admitted, controverted or denied.

## AS AND FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

126. Defendant's Counterclaims fail to state any cause of action as against the Plaintiff.

## AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

127. That the cause of action or causes of action, if any, alleged in the Counterclaims are barred by the applicable limitation of action periods.

## AS AND FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

128. Plaintiff has not infringed any applicable trademarks under federal or state law.

## AS AND FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

129. Plaintiff is the senior user of some or all of the alleged marks, or has been granted permission or rights to the use of some or all of the alleges marks from the senior user.

## AS AND FOR A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

130. Plaintiff's use of the subject marks are unlikely to cause consumer confusion.

## AS AND FOR A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

131. Defendant's Counterclaims are barred, in whole or in part, be abandonment of any marks at issue.

### AS AND FOR A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

132. Defendant's Counterclaims are barred, in whole or in part, on the basis that some or all marks at issue lack secondary meaning.

### AS AND FOR A EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

133. Plaintiff has at all times acted in good faith and did not knowingly, maliciously, willfully, deliberately, fraudulently, recklessly, or in bad faith infringe, trade upon or dilute any trademarks of Defendant.

### AS AND FOR A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

134. Defendant has acted in bad faith in bringing this action against Plaintiff.

### AS AND FOR A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

135. Defendant's Counterclaims are barred by the doctrine of unclean hands.

### AS AND FOR A ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

136. Upon information and belief, Defendant's Counterclaims are barred under the doctrines of waiver, laches, equitable estoppel and/or ratification.

### AS AND FOR A TWELFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

137. Defendant's Counterclaims are barred, in whole or in part, by the First Amendment to the Constitution.

15458258.1

### AS AND FOR A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

138. Defendant's Counterclaims for injunctive relief are barred because Defendant cannot show that it will suffer any irreparable harm from Plaintiff's actions.

### AS AND FOR A FOURTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

139. The alleged injury or damages suffered by Defendant, if any, would be adequately compensated by damages. Accordingly, Defendant has a complete and adequate remedy at law and is not entitled to seek equitable relief.

### AS AND FOR A FIFTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

140. Without admitting that Defendant's Counterclaims states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.

### AS AND FOR A SIXTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

141. Defendant failed to mitigate or otherwise act to lessen or reduce the injury and damage, if any, allegedly resulting from the occurrence complained of in the Counterclaims.

### AS AND FOR A SEVENTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

142. Defendant's Counterclaims for treble damages, attorneys' fees, and interest are barred as to Plaintiff because Defendant cannot show that this is an exceptional case.

15458258.1

## AS AND FOR A EIGHTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

143. Any award of punitive damages claimed by the Defendant would violate the Fifth, Eighth, and Fourteenth Amendments, and the Contracts Clause, of the Constitution of the United States and the Constitution of the State of New York upon the following separate grounds:

   A. An award of punitive damages would violate the Plaintiff's right to due process.

   B. An award of punitive damages would violate the Plaintiff's right to equal protection of the laws.

   C. An award of punitive damages would violate the guarantee that excessive fines shall not be imposed.

   D. An award of punitive damages would violate the prohibition against impairing the obligation of contracts.

   E. The procedures relating to the imposition of such damages improperly fail to provide objective standards limiting the award of, and amount of, punitive damages.

   F. The procedures relating to the imposition of such damages improperly allow the admission of evidence relevant to punitive damages, in the same proceeding during which liability and compensatory damages are determined.

**WHEREFORE**, Plaintiff demands Judgment dismissing Defendant's Counterclaims in their entirety and granting such other and further relief as the Court deems just and proper, including the fees, costs, and disbursements of this action.

15458258.1

| | | |
|---|---|---|
| **DATED:** | July 27, 2018 | **BARCLAY DAMON LLP** |

By:    s/ Matthew J. Larkin

Matthew J. Larkin, Esq.
John D. Cook, Esq.
*Attorneys for Plaintiff*
   *Servants of Jesus and Mary, Inc., d/b/a*
   *The Fatima Center*
Office and Post Office Address
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
Telephone: (315) 425-2805

**TO:** **KLOSS, STENGER & LOTEMPIO**
Justin D. Kloss, Esq.
*Attorneys for Defendants*
  *The National Committee for the National Pilgrim Virgin of Canada,*
  *and The Fatima Center U.S.A., Inc*.
Office and Post Office Address
69 Delaware Street, Suite 1003
Buffalo, New York 14202
Telephone: (716) 853-1111

**CC:** **HAGERTY BRADY**
Daniel J. Brady, Esq.
Michael A. Brady, Esq.
*Attorneys for Defendant*
  *Andrew Cesanek*
Office and Post Office Address
69 Delaware Avenue, Suite 1010
Buffalo, New York 14202
Telephone: (716) 856-9443

15458258.1

## CERTIFICATE OF SERVICE

  I certify that on July 27, 2018, I electronically filed the foregoing Answer to Counterclaims using the CM/ECF system, which sent electronic or other notification of such filing to all counsel of record in this case.

                     _____s/ Matthew J. Larkin_____

16

15458258.1