UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SERVANTS OF JESUS AND MARY, INC.,
d/b/a THE FATIMA CENTER,

                              Plaintiff,

v.

THE NATIONAL COMMITTEE FOR THE
NATIONAL PILGRIM VIRGIN OF CANADA,
   et al.,
                              Defendants.

**CASE MANAGEMENT ORDER**

18-CV-00731-EAW-JJM

---

        Pursuant to the order of Hon. Elizabeth A. Wolford referring the above case to me for pretrial procedures and the entry of a scheduling order as provided in Fed. R. Civ. P. ("Rule") 16(b) and Local Rule 16, and a conference with counsel having been held on August 29, 2018, it is ORDERED that:

        1.     In accordance with Section 2.1A of the Plan for Alternative Dispute Resolution,[1] this case has been referred to mediation.

        2.     The parties do not intend to opt out of ADR.

        3.     Compliance with the mandatory disclosure requirements found in Rule 26(a)(1) will be accomplished by no later than **September 28, 2018**.

        4.     The parties shall confer and select a Mediator, confirm the Mediator's availability, ensure that the Mediator does not have a conflict with any of the parties in the case, identify a date and time for the initial mediation session, and file a stipulation confirming their selection on the form provided by the Court by no later than **September 14, 2018**. If the parties

---

     [1]     A copy of the ADR Plan, a list of ADR Neutrals, and related forms and documents can be found at http://www.nywd.uscourts.gov or obtained from the Clerk's Office.

do not file a stipulation confirming their selection of a mediator by this deadline, the Court will select a mediator in accordance with §5.4(C)(2) of the ADR Plan.

5. All motions to join other parties and to amend the pleadings shall be filed by no later than **November 13, 2018.**

6. The initial mediation session shall be held by no later than **November 1, 2018**.

7. All fact discovery shall be completed by no later than **June 12, 2019.** If discovery disputes arise, the parties shall initially advise me of the dispute via letter (copying opposing counsel). Upon review of the letter, I will generally schedule a conference with the parties to attempt to resolve the issue informally. If the dispute is not resolved informally, the parties will be given the opportunity to file a formal motion. This informal discovery dispute resolution process is not expedited motion practice. Therefore, letter submissions should provide a brief overview of the issue with supporting documentation and the parties' positions. Parties do not waive arguments by failing to raise them in their letter submissions.

8. Each party intending to offer the testimony of an expert in connection with any issue as to which it bears the burden of proof (including claims, counterclaims, cross-claims or affirmative defenses) shall identify such expert(s) and provide reports pursuant to Rule 26 by no later than **July 17, 2019.** Each party intending to offer other expert testimony (*i.e.,* testimony in response to expert testimony previously designated by an opposing party, or in support of an issue as to which the offering party does not bear the burden of proof), shall

identify such expert(s) and provide reports pursuant to Rule 26 by no later than **August 28, 2019.**

9. All expert depositions shall be completed by no later than **October 15, 2019.**

10. Pretrial dispositive motions, if any, shall be filed by no later than **November 29, 2019.** Such motions shall be made returnable before Judge Wolford unless the referral order grants the Magistrate Judge authority to hear and report upon dispositive motions.

11. If no pretrial dispositive motions are filed, the parties shall contact Judge Wolford's chambers by **December 5, 2019** to schedule a trial date.

12. Mediation sessions may continue, in accordance with Section 5.11 of the ADR Plan, until **November 29, 2019.** The continuation of mediation sessions shall not delay or defer other dates set forth in this Case Management Order.

**No extension of the above deadlines will be granted except upon a motion, filed prior to the deadline, showing good cause for the extension. Absent truly exceptional circumstances, any motion for an extension shall be made at least one week prior to the deadline sought to be extended. The parties are reminded that "a finding of 'good cause' depends on the diligence of the moving party".** Parker v. Columbia Pictures Industries, **204 F.3d 326, 340 (2d Cir. 2000).**

**SO ORDERED.**

Dated: August 29, 2018

                                                  JEREMIAH J. MCCARTHY
                                                  United States Magistrate Judge