UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SERVANTS OF JESUS AND MARY, INC.,
d/b/a THE FATIMA CENTER

*Plaintiff,*

v.

Civil Action No. 1:18-cv-00731

THE NATIONAL COMMITTEE FOR THE NATIONAL
PILGRIM VIRGIN OF CANADA, and,

THE FATIMA CENTER U.S.A., INC., and,

ANDREW CESANEK,

*Defendants.*

---

## CONFIDENTIALITY STIPULATION AND ORDER

The Court enters the following protective order pursuant to Federal Rule of Civil Procedure 26(c)(1), upon the stipulation of the parties, by their undersigned counsel, as follows:

1. <u>Findings</u>: The Court finds that the parties to this case may request or produce information involving trade secrets or other confidential research, development or commercial information, the disclosure of which is likely to cause harm to the party producing such information.

2. <u>Definitions</u>:

   a) "Party" means a named party in this case. "Person" means an individual or an entity. "Producer" means a person who produces information via the discovery process in this case. "Recipient" means a person who receives information via the discovery process in this case.

b) "Confidential" information is information concerning a person's business operations, processes, and technical and development information within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

c) Information is not Confidential if it is disclosed in a printed publication, is known to the public, or was known to the recipient without obligation of confidentiality before the producer disclosed it.

3. <u>Designation of Information as Confidential</u>:

a) A person's designation of information as Confidential means that the person believes in good faith, upon reasonable inquiry, that the information qualifies as such.

b) A person designates information in a document or thing as Confidential by clearly and prominently marking it on its face as "CONFIDENTIAL". By making documents or things containing Confidential information available for inspection and copying without marking them as confidential, a producing party does not forfeit a claim of confidentiality. For the purposes of expedience and to promote the best use of the parties' resources, all documents exchanged through the discovery process in this case will automatically be deemed to be "CONFIDENTIAL" regardless of whether they are specifically marked "CONFIDENTIAL."

c) A person designates information in deposition testimony as Confidential by stating on the record at the deposition that the information is Confidential or by advising the opposing party and the stenographer and videographer in writing, within fourteen days after receipt of the deposition transcript, that the information is Confidential.

d) A person's failure to designate a document, thing, or testimony as Confidential does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

e) A person who has designated information as Confidential may withdraw the designation by written notification to all parties in the case.

f) If a recipient disputes a producer's designation of information as Confidential, the recipient shall notify the producer in writing of the basis for the dispute, identifying the specific documents or things as to which the designation is disputed. The recipient and the producer shall then meet and confer to attempt to resolve the dispute without involvement of the Court. If they cannot resolve the dispute, the Confidential designation shall be applied fourteen (14) days after notice of the dispute unless within that fourteen day period the producer files a motion with the Court to maintain the producer's Confidential designation. The producer bears the burden of proving that the information is properly designated as Confidential. In the event such an application is made, the information shall remain subject to the producer's Confidential designation until the Court rules on the dispute. A party's failure to contest a designation of information as Confidential is not an admission that the information was properly designated as such..

4. <u>Use and Disclosure of Confidential Information</u>:

a) Confidential information may be used exclusively for purposes of this litigation, subject to the restrictions of this Order.

b) Absent written permission from the producer or further order by the Court, the recipient may not disclose Confidential information to any person other than the following: (i) a party; (ii) a party's outside counsel of record, including necessary paralegal, secretarial and

clerical personnel assisting such counsel; (iii) a party's in-house counsel, including paralegal, secretarial and clerical personnel assisting such counsel; (iv) a party's officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case; (v) a stenographer and videographer recording testimony concerning the information; (vi) subject to the provisions of paragraph 4(c) of this order, experts and consultants and their staff whom a party employs for purposes of this litigation only; and (vii) the Court and personnel assisting the Court, including court-appointed mediators and their staffs.

        c)      A recipient may not disclose Confidential information to an expert or consultant pursuant to paragraph 4(b) of this Order until after the expert or consultant has signed an undertaking in the form of Appendix I to this Order. If the identity of the expert or consultant must be disclosed pursuant to Rule 26(a)(2), the recipient obtaining the undertaking must disclose the signed undertaking together with the expert disclosure. In all other instances, the recipient obtaining the undertaking must maintain it and provide a copy to the producer upon the conclusion of the case, if requested.

        d)      Notwithstanding paragraph 4(a) and (b), a party may disclose Confidential information to: (i) any person or employee, no longer affiliated with the producer, who authored the information in whole or in part; (ii) any person who received the information before this case was filed; (iii) any person to whom the information was known without obligation of confidentiality before the producer disclosed it; or (iv) any person who knows of the information by means not constituting a breach of this Order.

5. <u>Inadvertent Disclosure</u>: Inadvertent disclosures of material protected by the attorney-client privilege or the work product doctrine shall be handled in accordance with Federal Rule of Evidence 502.

6. <u>Filing with the Court</u>:

a) This protective Order does not, by itself, authorize the filing of any document under seal. Any materials containing information that has been designated Confidential, as an exhibit or otherwise, shall, with permission of the Court, be filed under seal electronically and/or shall be filed in sealed envelopes or other sealed containers that shall bear the caption of this action, an indication of the nature of the contents of such sealed envelope or container, the words "CONFIDENTIAL - - SUBJECT TO PROTECTIVE ORDER," and a statement substantially stating that the envelope or container is not to be opened, nor the contents thereof to be displayed or revealed, except by express order of the Court.

7. <u>Document Disposal</u>: Promptly upon the conclusion of this case, each party must return to the producer all documents and copies of documents containing the producer's Confidential information, and must destroy all notes, memoranda, or other materials derived from or in any way revealing Confidential information. Alternatively, if the producer agrees, the party may destroy all documents and copies of documents containing the producer's Confidential information. Notwithstanding the requirements of this paragraph, a party and its counsel may retain one complete set of all documents filed with the Court and all deposition transcripts, remaining subject to all requirements of this Order.

8. <u>Originals</u>: A legible photocopy of a document may be used as the "original" for all purposes in this action. The actual "original," in whatever form the producing party has it, must be made available to any other party within fourteen days after a written request.

9. **Survival of Obligations**: This Order's obligations regarding Confidential information survive the conclusion of this case.

**DATED:** March __, 2019

**So Stipulated:**

/S/ Matthew J. Larkin, Esq.
**BARCLAY DAMON LLP**
*Attorneys for Plaintiff*
*Servants of Jesus and Mary, Inc., d/b/a*
  *The Fatima Center*
Office and Post Office Address
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
Telephone: (315) 425-2805
Email: MLarkin@barclaydamon.com

/S/ Justin D. Kloss, Esq.
**KLOSS, STENGER & LOTEMPIO**
*Attorneys for Defendants*
*The National Committee for the National*
*Pilgrim Virgin of Canada,*
*and The Fatima Center U.S.A., Inc.*
Office and Post Office Address
69 Delaware Avenue, Suite 1003
Buffalo, New York 14202
Telephone: (716) 853-1111
Email: jdkloss@klosslaw.com

/S/ Daniel J. Brady, Esq.
**HAGERTY BRADY**
*Attorneys for Defendant*
*Andrew Cesanek*
Office and Post Office Address
69 Delaware Avenue, Suite 1010
Buffalo, New York 14202
Telephone: (716) 856-9443
Email: Dbrady@hagerty-Brady.Com

## ORDER

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

The foregoing stipulation of counsel shall control the production, dissemination, and use of confidential information produced in discovery.

DONE IN OPEN COURT this ____ day of March, 2019.

_____

Honorable Jeremiah J. McCarthy
United States Magistrate Judge

SO ORDERED

_____
JEREMIAH J. McCARTHY
UNITED STATES MAGISTRATE JUDGE

DATED: 3/22/19

## APPENDIX I

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SERVANTS OF JESUS AND MARY, INC.,
d/b/a THE FATIMA CENTER

               *Plaintiff,*          Civil Action No. 1:18-cv-00731

v.

THE NATIONAL COMMITTEE FOR THE NATIONAL
PILGRIM VIRGIN OF CANADA, and,

THE FATIMA CENTER U.S.A., INC., and,

ANDREW CESANEK,

               *Defendants.*

---

I, _____, state the following under penalties of perjury as provided by law:

I have been retained by _____ as an expert or consultant in connection with this case. I will be receiving information that is covered by the Court's protective order dated _____. I have read the Court's protective order and understand that the information is provided pursuant to the terms and conditions in that order.

I agree to be bound by the Court's protective order. I agree to use the information solely for purposes of this case. I understand that neither the information nor any notes concerning that information may be disclosed to anyone that is not bound by the Court's protective order. I agree to return the information and any notes concerning that information to the attorney for _____ or to destroy the information and any notes at that attorney's request.

- 2 -

I submit to the jurisdiction of the Court that issued the protective order for purposes of enforcing that order. I give up any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that Court.

_____

Subscribed and sworn to
before me this ____ day
of _____ 20___.

_____
Notary Public