UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SERVANTS OF JESUS AND MARY, INC.,
d/b/a THE FATIMA CENTER,

                Plaintiff,

v.

THE NATIONAL COMMITTEE FOR THE
NATIONAL PILGRIM VIRGIN OF CANADA,
THE FATIMA CENTER U.S.A., INC., and
ANDREW CESANEK,

                Defendants.
_____

**DECISION AND ORDER**

18-cv-00731(JJM)

      The parties have consented to my jurisdiction over this action [67].[1] Before the court is defendant Andrew Cesanek's motion for summary judgment [91] seeking dismissal "in its entirety" of the sole claim asserted against him by plaintiff Servants of Jesus and Mary, Inc. ("SJM"), namely breach of fiduciary duty. Second Amended Complaint [78], Thirteenth Cause of Action. I assume the parties' familiarity with the relevant facts, which need not be extensively repeated. Having considered the parties' submissions and heard oral argument, for the following reasons the motion is denied, without prejudice to partial renewal upon completion of expert discovery.

---

[1]    Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination (upper right corner of the page).

**DISCUSSION**

Cesanek advances several arguments in support of dismissal. He first argues that SJM's claim must be dismissed because it "necessarily implicates non-justiciable religious questions". Cesanek's Memorandum of Law [91-20], Point I. I disagree. The relevant question is whether Cesanek breached fiduciary duties as an employee and/or director of SJM under New York law. He resigned his directorship on August 28, 2017, and was terminated as an employee of SJM on September 11, 2017. Id. at 9.[2] As long as he remained a director and/or employee of SJM, he had a fiduciary obligation not to act adversely to its interests. See SJM's Memorandum of Law [133], Point I(B) and authorities cited therein.

While Cesanek claims that he "had no direct involvement in the founding of FCUSA [Fatima Center USA Inc.]" (Cesanek's Memorandum of Law [91-20] at 7), the August 22, 2017 letter, which he and others signed, states that "we've established The Fatima Center USA Inc.". [107-6] at 3. Use of the word "we" clearly includes Cesanek. See Merriam-Webster Unabridged Online Dictionary (defining "we" as "a group that includes me", or "people in general including the speaker or writer").

Cesanek next argues that "[t]here is simply no way to examine the question of whether the August 22, 2017 letter was defamatory without treading into the religious doctrine expressed in and forming the context of that letter". Cesanek's Memorandum of Law [91-20] at 11. However, the letter directed that all future donations be made to FCUSA rather than to SJM. [107-6] at 3. Determining whether that directive was adverse to SJM's interests - and therefore a breach of Cesanek's fiduciary obligation toward SJM - does not depend on its religious motivation, or on whether the letter was defamatory.

---

[2] For purposes of this motion, Cesanek "accept[s] SJM's allegation that [he] was an employee of SJM". Id. at 21.

Cesanek suggests that "[t]he damages SJM claims it suffered due to the alleged breach of fiduciary duty - a drop in donations from followers of the Fatima Message - would require inquiry or speculation into the motivations of those believers making or choosing not to make donations. Such an inquiry would indisputably involve considering religious beliefs. This is yet more forbidden territory under the First Amendment". Cesanek's Memorandum of Law [91-20] at 15. However, SJM's claim for of damages will be the subject of expert disclosures, which have not yet been exchanged. Therefore, this argument is premature.

Cesanek next suggests that "the mere founding of an allegedly competing business does not constitute a breach of fiduciary [duty]". Cesanek's Memorandum of Law [91-20] at 18, *citing* Headquarters Buick-Nissan, Inc. v. Michael Oldsmobile, 149 A.D.2d 302, 303-04 (1st Dept. 1989). However, this rule applies only "absent diversion of plaintiff's business" (id. at 303), whereas the August 22, 2017 letter clearly directed that donations be diverted from SJM to FCUSA. "A breach of fiduciary duty, and generally in tandem, of loyalty, occurs when a fiduciary commits an unfair, fraudulent, or wrongful act, including . . . solicitation of employer's customers before cessation of employment." Dewitt Stern Group, Inc. v. Eisenberg, 257 F. Supp. 3d 542, 585 (S.D.N.Y. 2017), aff'd, 734 F. App'x 48 (2d Cir. 2018).

Cesanek next argues that "SJM's breach of fiduciary duty claim, which relies on the same facts and claims the same damages as its preceding dozen claims against NPV [National Committee for the National Pilgrim Virgin of Canada, Inc.] and FCUSA, should be dismissed as redundant". Cesanek's Memorandum of Law [91-20] at 19. I disagree. "All parties against whom relief may be granted may properly be joined as parties defendant." United States v. Pabst Brewing Co., 183 F. Supp. 220, 221 (E.D. Wis. 1960); *see also* Fed. R. Civ. P. ("Rule")

20(a)(2)(A). Therefore, the fact that SJM seeks relief against NPV and FCUSA does not prevent it from also seeking relief against Cesanek.

Cesanek next argues that "[i]n New York, when an employer knew of and tolerated some type of alleged misconduct, that same alleged misconduct may not later form the basis of a breach of loyalty claim against the former employee . . . . SJM tolerated the very misconduct for which it now seeks to hold Mr. Cesanek liable under a breach of duty of loyalty theory. SJM never took action against him and did not terminate him for his supposed misconduct". Cesanek's Memorandum of Law [91-20] at 20-21.

However, the authorities which it cites (Leary v. Al-Mubaraki, 2019 WL 4805849 (S.D.N.Y. 2019); Bravin v. Fashion Week, Inc., 73 Misc.2d 974 (Civ. Ct. Suffolk Cty. 1973); and Phansalkar v. Andersen Weinroth & Co., 344 F.3d 184, 201-202 (2d Cir. 2003)) addressed only the question of whether a disloyal employee is entitled to retain his compensation for the period during which the employer knew of his alleged misconduct - not with whether the disloyal employee is thereby immune from liability for other claims. Therefore, the fact that SJM may have continued to employ Cesanek for several weeks after becoming aware of the August 22, 2017 letter does not exonerate Cesanek from its claims as a matter of law.

Finally, Cesanek argues that "SJM cannot in good conscience now be permitted to hold [him] liable for what it alleges as his 'participation' with NPV, after permitting and acquiescing in [his] working under and on behalf of NPV for many years". Cesanek's Memorandum of Law [91-20] at 22. However, Cesanek acknowledges that "for decades, NPV and SJM operated in lockstep. Few distinctions were observed between the organizations . . . . During this time, the mission of NPV and SJM was the same". Id. at 6. Because the two

organizations shared a common interest, it was not a breach of Cesanek's fiduciary duty toward SJM to also work on behalf of NPV.

Once the interest of these two organizations diverged and they decided to separate, Cesanek was free to resign as a director of SJM and terminate his employment with that organization so that he could devote his efforts to furthering the interests of NPV. Unless and until he did so, however, he was *not* free to act adversely to the interests of SJM. Therefore, SJM's claims are not barred by estoppel as a matter of law.

## CONCLUSION

For these reasons, Cesanek's motion for summary judgment [91] is denied, without prejudice to renewal of that portion of its motion seeking dismissal of SJM's claim for loss of donations upon completion of expert discovery, and without prejudice to my consideration of the other pending motions.

Dated: January 27, 2022

/s/Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge